# IN THE DISTRICT COURT OF PITTSBURG COUNTY
# STATE OF OKLAHOMA

| | |
|---|---|
| JASON A. MCELYEA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CJ-19-142 |
| | ) Judge Mills |
| MCALESTER REGIONAL HEALTH CENTER AUTHORITY, | ) |
| Defendant. | ) |

*RECEIVED AND FILED IN DISTRICT COURT PITTSBURG COUNTY, OKLA JUL 09 2019 BY CINDY LEDFORD DEPUTY*

## PETITION

The Plaintiff Jason A. McElyea ("Dr. McElyea") alleges the following claims and causes of action against the Defendant McAlester Regional Health Center Authority.

### JURISDICTION AND VENUE

1. Dr. McElyea is an individual and resident of Pittsburg County, Oklahoma.

2. Defendant is an Oklahoma public trust with its principal place of business in Pittsburg County.

3. The acts, events, and transactions complained of herein arose and occurred primarily in Pittsburg County, Oklahoma.

4. All conditions precedent to filing this Petition have been satisfied. To the extent the Governmental Tort Claims Act, 51 O.S. § 151 et seq. ("GTCA") applies here, Dr. McElyea has satisfied all applicable provisions of the GTCA prior to filing this Petition. Notice of Dr. McElyea's claims was timely provided. Defendant denied the claims or the claims have been deemed denied under the provisions of the GTCA. This Petition has been timely filed.

5. This Court has jurisdiction over the parties and the subject matter of this action.

6. Venue is proper in Pittsburg County District Court.

**EXHIBIT 1**

## STATEMENT OF FACTS

7. In July 2016, Dr. McElyea and Defendant entered into a Physician Employment Agreement ("Agreement") for Dr. McElyea to provide medical services under the terms of the Agreement.

8. On or around March 15, 2018, Defendant wrote Dr. McElyea and stated it was exercising its right to terminate the Agreement with cause pursuant to Section 16(b) of the Agreement. Defendant stated that Dr. McElyea's employment and the Agreement would terminate on March 15, 2018.

9. On or around May 16, 2018, the Defendant, through its Medical Executive Committee, recommended termination of the medical staff membership and clinical privileges of Dr. McElyea. This occurred without Dr. McElyea being provided the opportunity to cross-examine any of Defendant's purported witnesses, and without the opportunity to participate in a hearing as required by statute. Defendant claimed the recommendation was based on peer review in which eight sets of medical charts were singled out for review and relied on.

10. Dr. McElyea timely invoked his right to a hearing as acknowledged by Defendant in writing. The hearing was set for August 14, 2018 and then reset for September 11, 2018. Despite Dr. McElyea's timely demand for a hearing and Defendant's acknowledgment that Dr. McElyea had a right to a hearing, Dr. McElyea was never provided an opportunity to participate in a hearing. No hearing was conducted.

11. Under 76 O.S. § 24, a professional review body and a professional review action are defined as: "1. 'Professional review body' means a public or private body organized in whole or in part for the purpose of maintaining standards of conduct and competence for accountants, architects, podiatric physicians, chiropractic physicians, dentists, professional engineers, nurses,

EXHIBIT 1

pharmacists, <u>physicians</u>, psychologists, or veterinarians; 2. 'Professional review action' means an <u>action or recommendation</u> taken or made by a professional review body which adversely affects a person's ability to perform a profession but shall not include actions taken or recommendations made by a private professional review body against a person who does not have a reasonable connection to the body's sponsoring organization;" (Emphasis added.)

12. Dr. McElyea was not provided an opportunity, through a hearing, to challenge Defendant's unsupported contention that it could terminate the Agreement with cause, nor the recommendation made by the Medical Executive Committee to terminate Dr. McElyea's medical staff membership and clinical privileges.

13. 76 O.S. § 28 provides that no professional review action may be taken unless and until the physician is provided adequate notice and an opportunity to be heard (a hearing) with the right to, among other things, call, examine and cross-examine witnesses, and to present evidence on the physician's behalf.

14. On or around September 18, 2018, the Defendant, through its Medical Executive Committee, withdrew its recommendation to terminate Dr. McElyea's medical staff membership and clinical privileges at the hospital (Defendant).

15. The purpose of withdrawing the recommendation was so Defendant could argue, in bad faith, that Dr. McElyea was not entitled to a hearing. Defendant's actions and/or recommendations were not taken or made in good faith.

16. When the recommendation was withdrawn, Defendant attempted to impose sanctions against Dr. McElyea in the form of "probation" on Dr. McElyea's practice of medicine at the hospital (Defendant) under the following terms:

**EXHIBIT 1**

      i.      The probation period would last for the longer of six (6) months or Dr. McElyea's completion of one hundred (100) patient encounters at the hospital (Defendant).

      ii.     During the probation period, Dr. McElyea would be subject to random retrospective review of at least one hundred (100) medical records that Dr. McElyea generated from his patient encounters at the hospital (Defendant). Dr. McElyea would be subject to retrospective review of all medical records of patients on whom Dr. McElyea performs procedures at the hospital (Defendant), and that the chart reviews would be conducted by medical staff members determined by Defendant.

      iii.    On or before March 1, 2019, Dr. McElyea would be required to complete Advanced Trauma Life Support certification and additional educational training of approximately ten (10) to twelve (12) hours in each of the following areas: sepsis care, stroke care, airway management, emergency urologic care, medical record documentation requirements, patient-centered care, professionalism, and ethics in the treatment of patients. The Medical Executive Committee of Defendant would need to approve in advance the exact programs Dr. McElyea selected to meet these requirements. Moreover, all the additional medical education would be at Dr. McElyea's expense.

17.    The actions taken by Defendant, and the probation which Defendant claimed/attempted to impose, were intended by Defendant to circumvent the Agreement, Defendant's By-Laws, and Dr. McElyea's statutory rights. The actions were intended to result in the effective, practical, and constructive termination of Dr. McElyea's medical staff membership and clinical privileges without a hearing and without Dr. McElyea being provided due process.

18.    The proposed terms of probation are so onerous, that to comply with them would seriously restrict Dr. McElyea's medical practice.

EXHIBIT 1

19. Due to Defendant's actions and the lack of information provided by Defendant regarding Dr. McElyea's termination (which was not warranted), multiple purported employers for Dr. McElyea refused to hire him, and Dr. McElyea has been forced to accept lower paying positions. His reputation has also been damaged.

20. Based on the actions of Defendant, Dr. McElyea has suffered damages which exceed the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

21. Dr. McElyea incorporates into each of the following counts/claims all allegations stated above, and incorporates all allegations in each of the following counts/claims into all other counts/claims.

## COUNT 1: NEGLIGENCE

22. Defendant breached its duty of care to Dr. McElyea.

23. Defendant owed Dr. McElyea a duty of care in the performance of the peer review process amounting to a per se standard equal to the provisions of 76 O.S. § 24 et seq.

24. Defendant breached its duty by failing to provide Dr. McElyea with due process for the reasons described herein.

25. Based on the actions and omissions of Defendant, Dr. McElyea has suffered damages which exceed the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

## COUNT 2: NEGLIGENCE PER SE

26. In failing to provide Dr. McElyea a hearing and failing to allow Dr. McElyea to call, examine, and cross-examine witnesses, Defendant failed to comply with 76 O.S. § 24 et seq.

EXHIBIT 1

27. Based on the actions and omissions of Defendant, Dr. McElyea has suffered damages which exceed the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

### COUNT 3: VIOLATION OF PEER REVIEW PROCESS

28. Defendant's actions and omissions amount to a violation of Dr. McElyea's rights under the peer review process.

29. Dr. McElyea has suffered damages which exceed the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

### COUNT 4: INJUNCTIVE RELIEF/SPECIFIC PERFORMANCE

30. The Agreement and Dr. McElyea's employment should be reinstated and Dr. McElyea permitted to work and be paid for same, unless and until the Agreement is terminated according to its terms and as allowed by law.

31. As a direct and proximate result of Defendant's conduct, Dr. McElyea has suffered, and unless and until the Agreement and Dr. McElyea's employment is reinstated, will continue to suffer, irreparable injury and significant damages in an amount to be proven at trial.

32. Defendant should be required to retract any negative statements or filings concerning Dr. McElyea.

33. Because Dr. McElyea's remedy at law is inadequate, Dr. McElyea seeks, in addition to damages, injunctive relief as requested herein.

34. Dr. McElyea has a substantial likelihood of success on the merits based on Defendant's unlawful conduct.

35. Any harm which Defendant may suffer if injunctive relief is imposed, is greatly outweighed by the harm being experienced by Dr. McElyea based on Defendant's actions and

EXHIBIT 1

omissions. The public interest favors injunctive relief to be awarded in favor of Dr. McElyea and against Defendant.

**Dr. McElyea Demands a Jury Trial on All Issues Triable by Jury.**

Plaintiff Dr. McElyea prays for the following relief against Defendant:

1. Judgment in favor of Dr. McElyea and against Defendant in an amount in excess of that required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

2. Equitable relief deemed necessary and proper by the Court, including but not limited to, reinstatement of the Agreement and Dr. McElyea's employment unless and until the Agreement is properly terminated according to its terms; and the permanent retraction and removal of any negative recommendations, filings, or other unfavorable statements made or caused by Defendant concerning Dr. McElyea; and any other relief needed to prevent further harm and damage to Dr. McElyea.

3. Attorneys' fees, costs, and expenses, and pre-judgment and post-judgment interest.

4. All other relief which Dr. McElyea is entitled to at law and/or in equity based on the facts and evidence.

Respectfully Submitted,

Steven M. Harris, OBA #3913
S. Max Harris, OBA #22166
**Doyle Harris Davis & Haughey**
2419 East Skelly Drive
Tulsa, OK 74105
Telephone:   (918) 592-1276
Facsimile:   (918) 592-4389
steve.harris@1926bLaw.com
max.harris@1926bLaw.com
Attorneys for Plaintiff Dr. McElyea

1832-2:mh

**EXHIBIT 1**