**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

JASON A. MCELYEA, )
 )
 Plaintiff, )
 )
v. ) Case No. CIV-19-245-KEW
 )
MCALESTER REGIONAL HEALTH )
CENTER AUTHORITY, )
 )
 Defendant. )

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Remand and Brief in Support (Docket Entry #12). This action was initiated on July 9, 2019, in the District Court of Pittsburg County, Oklahoma. Defendant removed the case to this Court on August 1, 2019.

Plaintiff's Petition centers on his Physician Employment Agreement with the Defendant, and the Defendant's recommendation for the termination of Plaintiff's medical staff membership and clinical privileges. Plaintiff alleges he was not "provided the opportunity to cross-examine any of Defendant's purported witnesses," and "the opportunity to participate in a hearing as required by statute." Petition, ¶ 9, p. 2 (Docket Entry 2-1). He asserts this is a violation of state statutes addressing professional review action or recommendation. *See* Okla. Stat. tit. 76, §§ 24-29. Specifically, Plaintiff alleges that Defendant violated the requirements of Okla. Stat. tit. 76, § 28, which "provides that no professional review action may be taken unless

and until the physician is provided adequate notice and an opportunity to be heard (a hearing) with the right to, among other things, call, examine and cross-examine witnesses, and to present evidence on the physician's behalf." Petition, ¶ 13, p. 3. Plaintiff further asserts that the action and probation imposed by Defendant was "intended by Defendant to circumvent the Agreement, Defendant's By-Laws, and [Plaintiff's] statutory rights[,]" and that such actions "were intended to result in the effective, practical, and constructive termination of [Plaintiff's] medical staff membership and clinical privileges without a hearing and without [Plaintiff] being provided due process." *Id*., ¶ 17, p. 4. Based upon these factual allegations, Plaintiff asserted state law tort claims in his Petition for negligence, negligence per se, violation of peer review process, and injunctive relief/specific performance.

In its Notice of Removal, Defendant recognizes Plaintiff's stated claims, including the claim for "Violation of Peer Review Process." Defendant then sets forth that "[w]hile Plaintiff has labeled his claim as one for "Violation of Peer Review Process, rather than one for "Violation of Procedural Due Process," . . . "Plaintiff has alleged that he was neither provided a hearing nor an opportunity to cross-examine Defendant's witnesses regarding the Defendant's recommendation[]" that his staff membership and

2

clinic privileges be terminated. <u>Notice of Removal</u>, ¶ 3, p. 2 (Docket Entry #2). Defendant concludes that because "Plaintiff has alleged that he had a property interest (medical staff privileges) of which he was deprived (recommendation for termination) without due process (a hearing and opportunity to cross-examine witnesses[,]" Plaintiff's claim is actually "a procedural due process claim in violation of the Fourteenth Amendment of the United States Constitution over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331." *Id*.

Removal is governed by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

In accordance with § 1441, "a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247-48 (10th Cir. 2005). Establishing federal question jurisdiction requires that the federal question be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Hansen v. Harper Excavating Inc.*,

641 F.3d 1216, 1220 (10th Cir. 2011). This "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Felix v. Lucent Technologies, Inc.*, 387 F.3d 1146, 1154 (10th Cir. 2004). The party who invokes federal jurisdiction bears the burden of proving removal is proper. *See Karnes v. Boeing Co.*, 335 F.3d 1189, 1193 (10th Cir. 2003). Thus, "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

In his Motion to Remand, Plaintiff contends his claims arise exclusively under state law. He asserts that nowhere in his Petition is the Fourteenth Amendment to the United States Constitution even referenced, and Defendant has therefore failed to demonstrate removal is appropriate and jurisdiction is proper in this Court. In response, Defendant contends Plaintiff has raised a federal cause of action on the face of the Petition, because Oklahoma law does not provide for a private right of action for violation of the peer review process under the statutory procedures of Okla. Stat. tit. 76, ¶¶ 24-29. Specifically, Defendant argues the statutory procedures simply provide a defense and any claim under the statutory procedure is redundant to Plaintiff's claim for negligence per se.

4

Although Defendant questions the viability of Plaintiff's state law claim for violation of the peer review process, the viability or redundancy of such a claim is not this Court's concern. In *Summers v. Town of Keota*, 2016 WL 3136868 (E.D. Okla. June 3, 2016), the court addressed this identical argument with regard to state law claims alleged by the plaintiff for violation of due process and liberty interests under the Oklahoma Constitution:

> It is unclear to the Court whether *Perry* would restrict Plaintiff's claims in the Second or Fourth Causes of Action. However, it is clear to the Court that Defendant's argument for federal jurisdiction fails because Plaintiff has not raised any claim pursuant to the United States Constitution. Plaintiff cites only Oklahoma law in the Petition, and asserts in his Motion to Remand that he is bringing claims under Oklahoma law. The Court will not pass judgment on the viability of such claims, but it is plain that Plaintiff brings only state law claims and no federal question is necessarily raised. The state court can decide the legal viability of Plaintiff's state law claims.

*Id*. at *2.

In this case, the face of the Petition does not reveal any basis for federal jurisdiction. Plaintiff clearly identifies the state common law claims under which he is proceeding. Nowhere in the Petition does Plaintiff reference the Fourteenth Amendment to the United States Constitution or 42 U.S.C. § 1983. Plaintiff has

5

unequivocally chosen to assert claims solely based upon state law.[1]

Defendant also cites case law for the proposition that the well-pleaded complaint doctrine is not absolute. It asserts that even if Plaintiff's Petition does not raise a federal claim on its face, this Court still has jurisdiction over Plaintiff's claim for violation of the peer review process because a federal question is an essential element of the claim and a substantial, disputed federal question is implicated. *See Turgeau v. Admin. Review Bd.*, 446 F.3d 1052 (10th Cir. 2006) and *Gillespie v. JP Morgan Chase*, 2012 WL 911931 (E.D. Okla. Mar. 16, 2012). Defendant relies heavily on *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), wherein the Supreme Court stated:

> "[F]ederal issue" [is not] a password opening federal courts to any state action embracing a point of federal law. Instead, the question is, does a state-law claim necessarily raise a stated federal issue, actually

---

[1] Defendant points out Plaintiff's reference to federal law, the Healthcare Quality Improvement Act, 42 U.S.C. § 11111 *et seq.*, in his notice of tort claim. However, Plaintiff did not include a federal claim under that statute or any other federal law in his Petition, which is what the Court must consider. *See Caterpillar, Inc.*, 482 U.S. at 392; *see also Warner Bros. Records, Inc. v. R.A. Ridges Distributing Co., Inc.*, 475 F.2d 262, 264-65 (10th Cir. 1973) ("It is for the plaintiffs to design their case as one arising under federal law or not, and it is not within the power of the defendants to change the character of plaintiffs' case by inserting allegations in the petition for removal. . . . [A] suggestion of one party that the other will or may set up a claim under the Constitution or laws of the United States does not make the suit one arising under that Constitution or those laws.") (quotation omitted).

> disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.

*Id*. at 314.

Defendant argues that all the *Grable* elements are met because (1) Plaintiff has raised a federal issue by alleging a deprivation of a property interest, *i.e.*, Plaintiff was not provided a meaningful opportunity to object to the probation period placed upon his medical staff privileges, implicating his federal due process rights under the United States Constitution; (2) the issue of whether Plaintiff was afforded the appropriate process is clearly in dispute; (3) the issue of what procedural due process should be afforded to physicians placed on probation for substandard medical care is a substantial federal issue to be resolved in a federal forum; and (4) if this Court retains jurisdiction over the action, it will not disrupt the division of labor between the state and federal courts because due process concerns are inherently federal and "this Court is best suited to interpret and apply the Fourteenth Amendment to Defendant's alleged actions or omissions." Defendant's Response to Plaintiff's Motion to Remand and Brief in Support, pp. 7-9 (Docket Entry #15).

However, the Court finds the *Grable* factors are not met in this case. In *Grable*, the plaintiff's state quiet title action

7

depended upon whether adequate notice was provided as defined by federal tax law. *See Grable*, 545 U.S. at 310-11. The Supreme Court held "that the national interest in providing a federal forum for federal tax litigation is sufficiently substantial to support the exercise of federal-question jurisdiction over the disputed issue on removal[.]" *Id*. at 310. Here, a substantial and disputed federal issue is not implicated by Plaintiff's claim for violation of the peer review process. Even if Plaintiff alleges the deprivation of a property interest in employment, whether such an interest exists is determined by state law. *See Hesse v. Town of Jackson, Wyo.*, 541 F.3d 1240, 1245 (10th Cir. 2008). Moreover, Plaintiff's claims for negligence, negligence per se, and violation of the peer review process do not "necessarily" depend upon federal law for their resolution. *See Summers*, 2016 WL 3136868, at *2 ("A state court's decision pertaining to Defendant's liability for violation of Oklahoma law does not necessarily draw into question federal constitutional issues. As a result, federal-question jurisdiction does not lie."). Further, there is no reason to find that a federal court is better equipped to decide Plaintiff's state law claim. Thus, *Grable* does not provide a basis for federal-question jurisdiction over Plaintiff's state law claim for violation of the peer review process.

Finally, Plaintiff requests an award of attorney's fees and costs associated with Defendant's removal of the matter to this Court. "An order remanding a removed case to state court 'may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005), quoting 28 U.S.C. § 1447(c). The Supreme Court stated:

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

*Id.* at 141. Here, although ultimately unsuccessful in its removal of the action, the Court finds that Defendant's efforts were "objectively reasonable" and therefore denies Plaintiff's request for an award of costs and attorney's fees incurred as a result of the removal.

Accordingly, because Plaintiff's Petition does not allege a claim arising under federal law, the case must be remanded pursuant to 28 U.S.C. § 1447(c).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand and Brief in Support (Docket Entry #12) is hereby **GRANTED.** This case

is hereby **REMANDED** to the District Court of Pittsburg County, Oklahoma.

IT IS SO ORDERED this 4th day of March, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE